UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH MCMILLON, on behalf of all others similarly situated and the State of California under the Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:25-cv-01357-CAB-SBC<br><br>**ORDER REMANDING ACTION TO STATE COURT**<br><br>[Doc. No. 8] |

On April 3, 2025, Plaintiff Noah McMillon ("Plaintiff") brought a representative California Private Attorneys General Act ("PAGA") action, Cal. Lab. Code § 2698 *et seq.*, against Defendant O'Reilly Auto Enterprises, LLC ("Defendant") and Does 1–50. [Doc. Nos. 1–2.] On May 28, 2025, Defendant filed a Notice of Removal to remove the action to this Court. [Doc. No. 1 ("NOR").] On June 20, 2025, Plaintiff filed a motion to remand to state court. [Doc. No. 8.] Pursuant to CivLR 7.1(d)(1), the Court finds the motion appropriate for resolution without oral argument. For the reasons below, the Court **GRANTS** Plaintiff's motion to remand.

## I. BACKGROUND

### A. PAGA

"PAGA authorizes aggrieved employees, acting as private attorneys general, to recover civil penalties from their employers for violations of the Labor Code." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1119 (9th Cir. 2014). "Though [California's] Labor and Workforce Development Agency ("LWDA") retain[s] primacy over private enforcement efforts, under PAGA, if the LWDA declines to investigate or issue a citation for an alleged labor code violation, an aggrieved employee may commence a civil action on behalf of himself or herself and other current or former employees against his or her employer." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013) (internal quotation marks omitted); *see* Cal. Lab. Code § 2699(a).

If the representative plaintiff prevails, the aggrieved employees are statutorily entitled to 35% of the civil penalties recovered, while the LWDA is entitled to 65%. Cal. Lab. Code § 2699(m) (as amended in 2024). "Under PAGA, employees may also seek $100 for each initial violation per pay period and $200 for each subsequent violation." *Becerra-Zamora v. Gruma Corp.*, No. 24-CV-01076-WHO, 2024 WL 3338353, at *2 (N.D. Cal. July 8, 2024) (citing Cal. Lab. Code § 2699(f)(2)). Under California Labor Code § 2699, "[a]ny employee who prevails" in a PAGA action "shall be entitled to an award of reasonable attorney's fees and costs[.]" Cal. Lab. Code § 2699 (k)(1); *see Gunther v. Alaska Airlines, Inc.*, 72 Cal. App. 5th 334, 357 (Ct. App. 2021).

### B. Plaintiff's Allegations

Plaintiff worked as a store manager for Defendant from about July 2021 to November 2024. [Doc. No. 1-2 ("Compl.") ¶ 12.] Defendant paid Plaintiff on an hourly basis. [*Id.* at ¶ 19.] Here, the "aggrieved employees" include Plaintiff and all "current and former non-exempt employees who worked for Defendants in the State of California during [the] one-year period preceding the date of the [Labor Code Section 2699.3] notice through the current date and the date of trial in any pending action ( . . . the "PAGA Period")." [Compl. at 16.] Defendant allegedly failed to pay Plaintiff and the aggrieved

employees at the lawful minimum wage rate for all hours worked, resulting in unpaid minimum wages. [*Id.* at ¶ 20.] Specifically, Defendant allegedly required Plaintiff and the aggrieved employees to complete work off-the-clock, without compensation. [*Id.*] Plaintiff alleges Defendant failed to pay Plaintiff and the aggrieved employees overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages. [*Id.* at ¶ 22.] Plaintiff also alleges that Defendant failed to compensate Plaintiff and other aggrieved employees for sick leave, vacation wages, meal period premiums, and rest period premiums. [*Id.* at ¶¶ 25–32.] Resultingly, Defendant allegedly failed to provide Plaintiff and other aggrieved employees with accurate wage statements. [*Id.* at ¶¶ 36–39.] Finally, Plaintiff claims that he and other aggrieved employees incurred unreimbursed costs due to being required to use their personal tools and cell phones at work. [*Id.* at ¶¶ 33–34.]

### C. Procedural Background

Plaintiff initiated the instant representative PAGA action in San Diego Superior Court. [*See generally* Compl.] The complaint asserts a single claim under PAGA and alleges violations of the California Labor Code for: (1) Unpaid Hours Worked/Minimum Wage (Labor Code §§ 1194, 1197, 1198; Industrial Welfare Commission ("IWC") Wage Orders); (2) Unpaid Overtime (Violation of Labor Code §§ 510, 1194, 1198; IWC Wage Orders); (3) Unpaid Paid Sick Leave (Violation of Labor Code §§ 246 through 248.7); (4) Unpaid Vacation Wages (Violation of Labor Code § 227.3); (5) Unpaid Meal Period Premium Wages (Violation of Labor Code §§ 226.7, 512, 1198; IWC Wage Orders); (6) Unpaid Rest Period Premium Wages (Violation of Labor Code §§ 226.7, 516, 1198; IWC Wage Orders); (7) Untimely Payment of Wages During Employment (Violation of Labor Code §§ 204, 204b, 210); (8) Untimely Payment of Wages Upon Separation of Employment (Violation of Labor Code §§ 201, 202, 203, 256); (9) Non-Compliant Wage Statements (Violation of Labor Code §§ 226, 226.3); (10) Unreimbursed Employee Expenses (Violation of Labor Code §§ 2802, 2804); (11) Failure to Maintain Accurate Records (Violation of Labor Code § 1174; IWC Wage Orders). [Compl. ¶ 52.]

Defendant filed the NOR pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. [NOR.] Defendant claims diversity jurisdiction due to diversity of citizenship, and an amount in controversy exceeding $75,000. [*Id.* at ¶¶ 12–16.] Plaintiff contests that the amount in controversy does not exceed $75,000. [Doc. No. 8 at 2.]

## II.   LEGAL STANDARD

A defendant may remove a civil action brought in state court if the action "might have been brought originally in federal court[.]" *Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1158 (E.D. Cal. 2002) (citing 28 U.S.C. § 1441). Thus, a case brought in state court that could have been brought in federal court based on diversity of citizenship is removable. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(b). "Removal on the basis of diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000." *Magnum Prop. Invs., LLC v. Pfeiffer*, No. 18-CV-02855, 2019 WL 459194, at *2 (S.D. Cal. Feb. 6, 2019); 28 U.S.C. § 1332(a)(1). Generally speaking, "a strong presumption against removal applies in the typical diversity case." *Anderson v. Starbucks Corp.*, 556 F. Supp. 3d 1132, 1135 (N.D. Cal. 2020).

When the amount in controversy is contested, "courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). If the complaint does not state an amount in controversy, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the amount in controversy requirement is met. *Id.* The parties may submit "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,'" such as affidavits or declarations. *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Although a defendant may rely on good faith calculations to satisfy its burden, those calculations must not be based on unreasonable or speculative assumptions. *Id.*

## III.   DISCUSSION

In the NOR, Defendant argues that by relying on Plaintiff's allegations and reasonable assumptions based on the allegations, the amount in controversy exceeds

$75,000. [NOR at ¶¶ 17–20.] Defendant reaches this amount by either adding $4,600 in individual penalties for the named plaintiff plus more than $75,000 in attorney fees for Plaintiff's individual claims alone), [*Id.* at ¶¶ 17–20], or, in the alternative, an amount in controversy exceeding $75,000 in the aggregate amount of PAGA penalties and fees, [*Id.* at ¶¶ 33–48].

Plaintiff responds that Defendant improperly attributes (1) attorney fees to the named plaintiff alone, (2) LWDA's penalties exclusively to the named plaintiff, and (3) improperly calculates other damages. [Doc. No. 8-1 at 7–8.] Specifically, the parties disagree about the amount in controversy for two broad categories of damages: (1) penalties owed to Plaintiff and the aggrieved employees during the relevant PAGA Period and (2) future attorney fees. The Court will address each in turn.

### A. Amount in Controversy

#### i. Penalties Under Labor Code § 2699(f)(2)(A)

When calculating the amount in controversy, Defendant aggregates the total PAGA penalties payable to all aggrieved employees. [NOR at 14–15.] Defendant argues that under *Viking River*, Plaintiff has an "individual claim" that must be analyzed for purposes of the amount in controversy analysis. *See Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 654–55 (2022). Defendant states that because the "individual claim" component of the PAGA claim must be adjudicated before the "representative claim," the Court should analyze Plaintiff's PAGA claim as if it were an individual action. [NOR at 7–8.]

Defendant assumes Plaintiff suffered at least one Labor Code violation per pay period, entitling him to a maximum of $4,600 in penalties for his "individual" claims ($200 enhanced penalty x 23 pay periods). [NOR ¶ 27.] Regarding the total PAGA penalties, Defendant argues there are 34 pay periods at issue (Defendant employed Plaintiff for 26 pay periods[1] during the statutory period plus 8 pay periods since removal).

---

[1] Defendant states that Plaintiff worked for Defendant 23 pay periods when calculating Plaintiff's individual claim and 26 pay period when calculating the total PAGA penalties. The Court is uncertain

[*Id.* ¶ 47.] Defendant calculates the total California Labor Code § 2699(f)(2)(A) damages at $17 million (5,000 employees x 34 pay periods at issue x $100 standard penalty[2]). [*Id.* at 13–14.]

Plaintiff argues that Defendant made two errors in calculating the PAGA penalties for amount in controversy purposes. First, that Defendant incorrectly relied on maximum violation rates without supporting evidence or basis for the underlying assumptions. [Doc. No. 8-1 at 6.] Second, that Defendant failed to abide by the Ninth Circuit's anti-aggregation rule with respect to the 65% of PAGA penalties payable to the LWDA. [*Id.* at 13–15.]

The Ninth Circuit has clearly held that only the PAGA penalties attributable to a plaintiff may be considered in calculating the amount in controversy. *See Urbino*, 726 F.3d at 1122 ("There is no dispute that Urbino's individual potential recovery would not meet the $75,000 threshold. Rather, the issue is whether the penalties recoverable on behalf of *all* aggrieved employees may be considered . . . . [Here,] diversity jurisdiction does not lie because their claims cannot be aggregated." (emphasis in original)). The Court elects to follow the majority of our sister courts in applying the anti-aggregation rule described in *Urbino*. *See, e.g., Martinez v. Sunnova Energy Corp.*, No. 2:24-cv-06346, 2025 WL 732350, at *5 (C.D. Cal. Mar. 7, 2025) ("[C]ourts have generally considered only the plaintiff's stake in the share of penalties recovered by aggrieved employees."). The Court agrees with Plaintiff and will proceed by using a pro-rata amount of PAGA penalties in the amount in controversy calculation.

---

of the reason that Defendant uses different numbers of pay periods. Nonetheless, the Court proceeds with the same numbers Defendant used in its sample calculations of individual and total PAGA penalties.

[2] In the NOR, Defendant used the $200 enhanced penalty figure when calculating Plaintiff's individual PAGA penalties and the $100 standard penalty when calculating the total PAGA penalties. Because Defendant used the $100 standard penalty when calculating the total PAGA penalties, the Court proceeds with using the $100 standard penalty in calculating the total PAGA penalties.

Next, Plaintiff claims that under the PAGA amendment, which took effect on June 19, 2024, the total PAGA penalties may be reduced by 65% under the anti-aggregation principles because 65% of those damages belong to the LWDA. [*See* Doc. No. 8-1 at 13–15]. According to Plaintiff, 65% of the estimated $17,000,000 in PAGA penalties by the Defendant would go to the state of California, not the named Plaintiff. [Doc. No. 11 at 8.]

District courts in the Ninth Circuit are split on whether *Urbino* requires disaggregating the LWDA's portion of the penalties from the individual plaintiff's in calculating the amount in controversy. *Compare*, e.g., *Coffin v. Magellan HRSC, Inc.*, No. 19-CV-2047-BAS-NLS, 2020 WL 773255, at *5–6 (S.D. Cal. Feb. 18, 2020) (holding that the LWDA's 75% share[3] should not be aggregated with an individual plaintiff's 25% share), *with Ruiz v. Snyder's-Lance, Inc.*, No. 24-CV-04053-RFL, 2024 WL 4295280, at *2 (N.D. Cal. Sept. 24, 2024) (holding that the LWDA's 75% share can be aggregated with an individual plaintiff for purposes of satisfying the amount in controversy). We agree with *Coffin* that the 65% share of any PAGA recovery to be paid to the LWDA should not be aggregated under *Urbino*. *Coffin*, 2020 WL 773255, at *5 ("[M]ost courts only consider the plaintiff's portion of the 25% that aggrieved employees may recover in calculating the amount in controversy.") The Court finds *Sloan v. IHG Management* persuasive, where the district court found "no logical reason for courts to refuse to consider one portion of an award that the plaintiff will not recover (the other aggrieved employees' shares), but take into account another portion that the plaintiff will not recover (LWDA's share)." *Sloan v. IHG Mgmt. (Maryland) LLC*, No. CV 19-21-DMG (JCX), 2019 WL 1111191, at *2 (C.D. Cal. Mar. 11, 2019). Further, the Court agrees with *Sloan's* reasoning that "[i]ncluding LWDA's share in the calculation would come into tension with *Urbino*'s language that California is not a 'citizen' for diversity purposes." *Id*.

---

[3] The 2024 PAGA Amendment changed the LWDA's percentage from 75% to 65%. Therefore, older decisions reference paying 75% of penalties to LWDA. *See* Cal. Lab. Code § 2699(m).

Resultingly, a maximum of 35% of Defendant's estimate may be attributed to the amount in controversy requirement.

Assuming Defendant's $17,000,000 in total PAGA penalties, Plaintiff argues that $17,000,000 x 0.65 totals $11,050,000 payable to the LWDA. [Doc. 11 at 8] The remaining $5,950,000 would be the total amount payable to the employees. [*Id.*] This amount, divided by Defendant's 5,000 estimated aggrieved employees, brings the California Labor Code Section 2699(f)(2)(A) penalties to $1,190 attributable to the named Plaintiff. [*Id*. at 8-9.] The Court rejects Defendant's estimate of $17 million in PAGA penalties and proceeds with Plaintiff's $1,190 estimate.

### ii. Attorney Fees

Plaintiff argues that Defendant's assessment of $75,000[4] in attorney fees disregards, *inter alia*, *Canela*, a Ninth Circuit case that requires a pro rata distribution of fees to the group of employees at issue in a PAGA representative action, based on the total amount in controversy. [Doc. No. 8-1 at 5]; *Canela v. Costco Wholesale Corp.,* 971 F.3d 845, 850 (9th Cir. 2020). In *Canela*, the plaintiff worked as a greeter and exit checker at two warehouses in California. 971 F.3d at 848. The plaintiff brought a PAGA claim alleging that the defendant did not provide her and other aggrieved employees with suitable seating. *Id.* In its notice of removal, the defendant contended the action would encompass 968 employees collectively seeking millions of dollars in civil penalties and attorney fees. *Id.* at 850. Citing *Urbino*, the Ninth Circuit held that the district court lacked diversity jurisdiction at the time of removal because plaintiff's "pro-rata share of civil penalties, including attorney[] fees, totaled $6,600 at the time of removal, and the claims of *other* member service employees may not be aggregated[.]" *Canela*, 971 F.3d at 850 (emphasis in original) (citing *Urbino*, 726 F.3d at 1122).

---

[4] Defendant does not provide an exact estimate of attorney fees for amount in controversy purposes. Defendant states that it is a near certainty that Plaintiff's counsel will incur at least $75,000 to pursue this PAGA claim. [NOR ¶ 52.] Therefore, the Court proceeds with $75,000 as Defendant's stated amount of attorney fees.

Plaintiff argues that when using a pro rata distribution of attorney fees and the numbers in Defendant's NOR and supporting papers, the attorney fees fall well below the $75,000 amount in controversy requirement. [Doc. No. 8-1 at 9–10.] Based on the NOR, Defendant employed over 5,000 employees during the relevant PAGA Period, while the number of separated employees is unknown during that time. [NOR at 13.] Plaintiff assumes that there are about 5,000 employees at issue who worked during the relevant PAGA Period. [Doc. No. 8-1 at 11.] Dividing the $75,000 identified by Defendant as the attorney fees at issue by 5,000 employees reduces Plaintiff's share of those fees to just $15.

Plaintiff further argues that if a pro rata distribution was applied, Defendant's $75,000 in attorney fees attributed to the named plaintiff alone would total an absurd amount of $375,000,000 in attorney fees ($75,000 x 5,000 employees). [*Id.* at 11–12.] Finally, Plaintiff argues that "Defendant fails to prove the $75,000 amount by a preponderance of evidence, as required under *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 796 (9th Cir. 2018)." [*Id.* at 12.]

Defendant argues that Plaintiff's "individual claim" must be adjudicated before the representative component of Plaintiff's claim can be determined. [NOR at 7.] Defendant argues that the Court should allocate the $75,000 in attorney fees to Plaintiff solely in light of recent changes to PAGA. [*Id.* at 12.] Specifically, Defendant argues that under *Viking River* and new updates to the California Labor Code § 2699(a), Plaintiff must prove he has suffered every alleged Labor Code violation before he has any standing to assert the "representative claim," necessarily requiring adjudication of Plaintiff's "individual" claim prior to the consideration of any representative allegations. [*Id.* at 7.] Defendant cites individual wage-and-hour cases that resulted in attorney' fee awards above $75,000. [*Id.* at 8–9.]

The Court finds that only Plaintiff's pro rata share of attorney fees should be considered for purposes of determining the amount in controversy. The Ninth Circuit was clear in *Canela* that attorney fees for a PAGA civil penalties action could not be

aggregated to satisfy the amount in controversy requirement. *Canela*, 971 F.3d at 850. Defendant cites no controlling or persuasive authority that *Viking River* overruled *Canela*. Although the Supreme Court decided *Viking River* in 2022, multiple courts in the Ninth Circuit have since prohibited the aggregation of attorney fees in PAGA actions when determining whether the amount in controversy has been met. *See Butt v. 9W Halo W. Opco, L.P.*, No. 2:22-CV-02012 WBS AC, 2023 WL 196472, at *3 (E.D. Cal. Jan. 17, 2023) ("Only plaintiff's pro rata share of attorneys' fees is appropriately considered."); *Bell v. DeVry Univ., Inc.*, No. 25-CV-595-RSH-BLM, 2025 WL 1453842, at *4 (S.D. Cal. May 21, 2025) (collecting cases). While *Viking River* held that PAGA claims can be split into individual claims when preempted by the Federal Arbitration Act, 596 U.S. at 640, there is no arbitration agreement at issue here. In *Viking*, the defendant moved to compel arbitration, *Id.* at 639, whereas here, Plaintiff moves to remand. The Court holds that *Viking River* does not apply, and the Court must first rule on the question of subject matter jurisdiction.

Adding $1,190 in PAGA penalties and $15 in attorney fees together leaves the Court's estimated amount in controversy well below the $75,000 threshold.[5] For the foregoing reasons, the Court holds Defendant has not met its burden of establishing by a preponderance of evidence in this case that the amount in controversy meets the $75,000 jurisdictional requirement.

### B. Diversity of Citizenship

Because Defendant failed to establish the required amount in controversy, the Court declines to address the issue of diversity of citizenship.

//

---

[5] Plaintiff also argues that the Court should further reduce Defendant's estimate of PAGA civil penalties because Defendant uses a 100% violation rate for all 5,000 employees. [Doc. No. 8-1 at 15–16.] The Court need not address this argument because the amount in controversy falls well below the $75,000 threshold.

### C. Attorney Fees for the Removal Action

Plaintiff requests an order from the Court stating that Plaintiff would be entitled to attorney fees and costs based on what amounts to a frivolous filing. [Doc. No. 11 at 11.] Plaintiff cites *Higginbotham*, where the defendant removed the case and asked the court to attribute fees to the named plaintiff alone to get over the $75,000 diversity jurisdiction hurdle, without doing the pro rata analysis required by *Urbino*, *Canela*, and *Gibson*. [*Id.* at 16.]; *see Higginbotham v. South East Emp. Leasing Serv., Inc.*, No. 2:20-cv-00575-KJM-DB, 2020 WL 5535421 (E.D. Cal. Sept. 15, 2020). Notably, the district court in *Higginbotham* did not award attorney fees. *Id.* at 5. Plaintiff argues that attorney fees are nonetheless warranted to prevent future improper removal motions. [Doc. No. 11 at 11.]

Although Defendant's counsel recently failed to advance similar arguments'' in this Court, [*see Lopez v. FedEx Office and Print Services, Inc.*, 3:23-cv-02155-JO-SBC, (S.D. Cal. Jan 31, 2024) at Doc. Nos. 15, 19], the Court declines to award attorney fees for this remand motion. The Supreme Court has established the standard for obtaining attorney fees under the removal statute as whether "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Considering the relative novelty of *Viking River* and updates to the California Labor Code, the Court finds that Defendant had a colorable argument.

### IV.    CONCLUSION

Because Defendant fails to establish the required amount in controversy for diversity jurisdiction, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this action to the Superior Court of California, County of San Diego. The Court **DENIES** Plaintiff's motion for attorney fees.

It is **SO ORDERED**.

Dated: October 3, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge